In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-2667

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ROY K. SHANNON, JR.,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:14-cr-00074 — **Matthew F. Kennelly**, *Judge.*

ARGUED MAY 31, 2016 — DECIDED SEPTEMBER 7, 2016

Before EASTERBROOK and WILLIAMS, *Circuit Judges* and
YANDLE, *District Judge.*\*

YANDLE, *District Judge.* Following a bench trial, Roy
Shannon, Jr. was found guilty of one count of conspiracy to
commit wire fraud, two counts of identity theft, and two
counts of aggravated identity theft. Shannon was sentenced

---

\* Of the Southern District of Illinois, sitting by designation.

to 14 months on Counts 1, 2 and 3, to run concurrently with each other, and 24 months on Counts 4 and 5, to run concurrently with each other, but consecutively as to Counts 1–3. Shannon's total prison sentence amounted to 38 months of incarceration followed by a 3 year term of supervised release.

On appeal, Shannon challenges his conviction and sentence, arguing first that the Government's evidence was heavily dependent of the uncorroborated testimony of Marcus Taylor, a cooperating witness with "powerful motivation to falsify." As such, Shannon contends that the evidence was insufficient to establish beyond a reasonable doubt that he is guilty of the charged offenses. Secondly, Shannon challenges the district court's application of a 2-level Sentencing Guidelines enhancement for the organizer or leader of a criminal enterprise.[1] We reject both challenges and affirm his conviction and sentence.

## I. Background

On October 9, 2014, a federal grand jury returned a five count second superseding indictment charging Shannon with one count of conspiracy to commit wire fraud (Count 1); two counts of identity theft (Counts 2 and 3); and two counts of aggravated identity theft (Counts 4 and 5). On November 3, 2014, the case proceeded to a bench trial before the district judge during which the judge heard testimony from Marcus Taylor, seven identity theft victims, two FBI case agents, an FBI fingerprint examiner, a computer forensic ex-

---

[1] Shannon has withdrawn his argument that he received ineffective assistance of counsel at trial.

aminer, an IRS records custodian, a bank custodian and a phone records custodian.

At trial, the Government produced evidence that from November 2013 through February 2014, Shannon conspired with James Williams to devise and undertake a scheme to obtain money from the IRS through fraud and deceit. Shannon and Williams agreed to obtain stolen identities and to fraudulently obtain tax refunds by using those identities to file false and fraudulent tax returns—with the assistance of Marcus Taylor, an accountant. Shannon and Williams obtained 107 stolen identities, and provided those to Taylor, directing him to use the stolen identities to prepare and file false tax returns. Unbeknownst to Shannon and Williams, Taylor was cooperating with the United States Government. Taylor approached the FBI after discovering that Shannon had been having an affair with his (Taylor's) wife. Thereafter, under the supervision of the FBI, Taylor recorded four meetings and three phone calls between himself and Shannon. At the conclusion of the 4-day trial, Shannon was convicted on all counts.

## II. Analysis

### A. Conviction

This Court has held repeatedly that a guilty verdict will only be overturned if the Court concludes, "[I]n a light a most favorable to the prosecution, that no rationale trier of fact could have found the defendant guilty beyond a reasonable doubt." *See United States v. Wasson*, 679 F.3d 938 (7th Cir. 2012); *Jackson v. Virginia*, 443 U.S. 307, 318–319 (1979); *United States v. Doody*, 600 F.3d 752, 753 (7th Cir. 2010). This is a high bar—establishing that the evidence is insufficient is a nearly

insurmountable task. *See United States v. Taylor*, 637 F.3d 812, 815 (7th Cir. 2011).

Shannon asserts that the district court placed "undue reliance" on the testimony of Marcus Taylor which lacked sufficient credibility. Specifically, Shannon points out that Taylor testified pursuant to a grant of immunity and argues that his testimony was significantly motivated by his personal resentment against Shannon, based on his belief that Shannon had an affair with his (Taylor's) wife. Moreover, Shannon contends that he would not have been found guilty without Taylor's "tainted" testimony.

The Government maintains that the district court correctly weighed the evidence and that Taylor's testimony was substantially corroborated by the testimony of several other witnesses as well as by video and audio recorded evidence. Additionally, the Government argues that the district judge admittedly considered Taylor's testimony with skepticism and, in light of the other evidence presented, appropriately concluded that the Government proved Shannon's guilt beyond a reasonable doubt. We agree.

The district court was clearly aware of Taylor's credibility problems and observed, "[t]here is no question Mr. Taylor had and has a very significant motive to, for want of a better word, bury Mr. Shannon." With that in mind, the court proceeded to identify and assess other factors that it viewed as corroborating Taylor's testimony, including: recordings of interactions between Shannon, Taylor and Williams; the laptop Shannon gave to Taylor which contained a list of victim names and identifying information including dates of birth and social security numbers; the masking software installed on the laptop; and the degree to which

Shannon tried to exert control over Taylor. On these facts, the district court's finding of guilt beyond reasonable doubt is not subject to reversal.

**B. Sentencing Guidelines Enhancement**

Shannon's sentencing took place over the course of three days during which the district court heard and ruled on the objections to the Presentence Investigation Report ("PSR"), including Shannon's objection regarding his leadership role. The Government argued that a 4-level enhancement applied under Guideline § 3B1.1(a) based on evidence showing Shannon to be the leader or organizer of the conspiracy. The probation office agreed that Shannon planned and organized the scheme, but recommended a 2-level enhancement instead because the number of people involved in the conspiracy qualified Shannon as a supervisor under § 3B1.1(c). The court found that based on the weight of the evidence, Shannon was a supervisor of the criminal activity.

We review the district court's underlying factual findings with respect to the application of a sentencing enhancement for clear error. S*ee United States v. Harris*, 791 F.3d 772, 778 (7th Cir. 2015). We review *de novo* the facts used to reach said judgment. *Id.* at 778. U.S.S.G. § 3B1.1(c) provides, in part, that "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described [in subsections (a) and (b)] increase by 2 levels." Under § 3B1.1(c), a manager or supervisor is one who, "[e]xercise[s] control and authority over another," such as "[w]hen he 'tells people what to do and determines whether they've done it.'" S*ee United States v. Dade*, 787 F.3d 1165, 1167 (7th Cir. 2015) (quoting *United States v. Figueroa*, 682 F.3d 694, 697 (7th Cir. 2012)).

Here, there was evidence that Shannon assigned his co-conspirators their roles within the conspiracy. He also recruited his co-conspirators and brought them together for purposes of executing the fraudulent scheme. There is also evidence that shows Shannon exerted significant control over his co-conspirators and their actions in furtherance of the scheme. In one instance, when Taylor asked Shannon if he should continue filing the bogus returns after having already filed a first batch, Shannon gave the "green light." In that same exchange, Shannon said that "[i]f my money gets fucked up, I'm gonna kill everybody involved …".

By all indications, the district court appropriately considered the relevant facts in concluding that the preponderance of the evidence supported a finding that Shannon was a "supervisor" under § 3B1.1(c) of the Sentencing Guidelines. The court did not err.

### III. Conclusion

We AFFIRM Shannon's conviction and sentence.